UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOREGEN GEERDS,<br><br>      Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO BAY VIEW INC.,<br><br>      Defendant. | Case No. 19-cv-06465-JST<br><br>**ORDER VACATING ORDER TO SHOW CAUSE AND VACATING MOTION HEARING**<br><br>Re: ECF No. 34, 37 |

This is a copyright infringement action concerning a photograph.  Plaintiff Joregen Geerds served the summons and complaint on Defendant San Francisco Bay View, Inc., ECF No. 17, but Defendant failed to appear and default was entered against it on March 25, 2020, ECF No. 20.

On December 12, 2019, the Court set a case management conference for March 31, 2020, with a case management statement due on March 24, 2020.  ECF No. 14.  At the Plaintiff's request, the conference was continued twice to August 18, 2020, and the case management statement deadline was extended to August 11, 2020.  ECF Nos. 22, 31.

Plaintiff did not file a case management statement on August 11 as ordered, so the Court continued the August 18 case management conference to November 17, 2020, and ordered Plaintiff to show cause why sanctions should not be imposed for his failure to follow a court order. ECF No. 34 ("Order to Show Cause").

On November 10, 2020, Plaintiff filed a response to the Order to Show Cause.  ECF No. 39.  In it, he contends that he was not required to file a case management because Defendant has not appeared in the litigation and "[t]he Court's requirements for a case management statement require a *joint statement*," but "there was no one with whom Plaintiff's counsel could meet and confer about the topics in the Joint Case Management Statement Order."  *Id.* at 2 (emphasis in

United States District Court
Northern District of California

1  original).  Plaintiff also stated that "because this is a default case, the information required to be

2  included in the joint case management statement has no application in this case."  *Id.*

3      There are at least three problems with Plaintiff's response.  First, it is not consistent with

4  the Court's local rules.  Civil Local Rule 16-9(a) says that when one party cannot obtain the

5  cooperation of another party in the preparation of a case management statement, the first party

6  should file a separate statement.  Plaintiff should have done so here.  Next, Plaintiff's response

7  overlooks the fundamental purpose of a case management statement, which is to inform the judge

8  what is happening in the case.  The Court uses this information to decide whether the case

9  management conference is needed and determine which next litigation steps to discuss with

10  counsel.  Not filing a case management statement before a conference has the effect of telling the

11  Court, in so many words, "figure it out yourself."  That is not how case management conferences

12  are supposed to work.  Lastly, as for whether "the information required to be included in the joint

13  case management statement has [any] application in this case," *see* ECF No. 39 at 2, it most

14  assuredly does.  Plaintiff is correct that the Standing Order for All Judges of the Northern District

15  of California – Contents of Joint Case Management Statement ("Standing Order"), which Plaintiff

16  was required to read and follow, *see* Civ. L.R. 16-9(a), identifies several categories of information

17  that do not apply to a default case such as this one.  As to those categories, Plaintiff might simply

18  have indicated to the Court that the category was "not applicable."  But the Standing Order also

19  directs parties to address "[s]uch other matters as may facilitate the just, speedy and inexpensive

20  disposition of this matter."  In Plaintiff's case, that might have included the fact that default had

21  been entered; an estimate of when Plaintiff anticipated filing a motion for entry of default

22  judgment; and what other obstacles, if any, remained to a full resolution of the case.  In other

23  words, Plaintiff could have provided the things the Court might like to know before either holding

24  a case management conference or determining that no conference was necessary.

25      Notwithstanding these deficiencies, the Court now VACATES the Order to Show Cause.

26  The Court trusts that Plaintiff's counsel will comply with the Court's orders and the local rules

27  from now on.

28  / / /

1    The Court also VACATES the hearing on Plaintiff's Motion for Default Judgment.  ECF

2  No. 37.  The motion will be decided on the papers.

3    **IT IS SO ORDERED.**

4  Dated:  December 8, 2020



JON S. TIGAR
United States District Judge