UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOREGEN GEERDS,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO BAY VIEW INC.,<br><br>    Defendant. | Case No. 19-cv-06465-JST<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 35 |

Before the Court is Plaintiff's motion for default judgment. ECF No. 35. Defendant has neither answered nor appeared in the action. The Court will grant the motion for default judgment.

I.     **BACKGROUND**

Plaintiff Joregen Geerds, a photographer, filed this copyright infringement action against Defendant San Francisco Bay View, Inc. on October 8, 2019. Complaint ("Compl."), ECF No. 1. On October 19, 2019, Defendant was served with notice of the Complaint. ECF No. 16. The complaint alleges that Defendant published one of his photographs on its website without a license, permission, or consent. *Id.* ¶¶ 10-11. The photograph in question, "Wall Street," is registered with the United States Copyright Office. *Id.* ¶ 9.

On May 28, 2020, the Court issued an order to show cause why the case should not be dismissed based on the Court's ruling in *Alvarado v. Mother Jones*, No. 4:19-cv-06417-JST, ECF No. 25, which found that Geerds's counsel, Richard Liebowitz, was barred from practicing pro hac vice under Civil Local Rule 11-3(b)(2), *id.* at 4. ECF No. 27. On June 8, 2020, Geerds's California-based counsel, Gregory Goonan, responded. ECF No. 28. On June 10, 2020, the Court vacated the order to show cause and denied Liebowitz's application for pro hac vice admission in

the matter. ECF No. 29. On August 13, 2020, the Court issued a second order to show cause why monetary sanctions should not be imposed against Geerds and his attorneys for failure to file a case management statement pursuant to the Court's scheduling order. ECF No. 34. Geerds responded, ECF No. 39, and on December 8, 2020, the Court vacated the second order to show cause explaining that Geerds's excuse was problematic, but "[t]he Court trusts that Plaintiff's counsel will comply with the Court's orders and the local rules from now on." ECF No. 42 at 2.

Geerds filed a motion for entry of default on March 23, 2020, ECF No. 18, and the Clerk filed a notice of entry of default on March 25, 2020, ECF No. 20. On August 14, 2020, Geerds filed a motion for an entry of default judgment in the amount of $33,800.00. ECF No. 35. Six days later, on August 20, 2020, Geerds withdrew his prior motion and filed the instant motion for an entry of default judgment in the amount of $5,100.00. ECF No. 37. This request includes an award of $2,500.00 for statutory damages, $2,160.00 for attorney's fees, and $440.00 for costs. ECF No. 37-1 at 2.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) gives district courts the authority to enter a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Whether to enter a default judgment is a discretionary decision to be made by the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In "any civil action" under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."

17 U.S.C. § 505. "Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* "In applying this provision, district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." *The Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 832-33 (9th Cir. 2003).

In awarding fees under the statute, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983). "[C]ourts deciding whether to award attorneys fees can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Seltzer v. Green Day, Inc.,* 725 F.3d 1170, 1180-81 (9th Cir. 2013) (citing *Fogerty,* 510 U.S. at 534, n. 19).

## IV.    DISCUSSION

### A.    Default Judgment

The Ninth Circuit has stated that default judgment is a "two-step process," which consists of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. *Eitel*, 782 F.2d at 1471. Geerds requested and received entry of default by the clerk as required by Rule 55(b)(1) of the Federal Rules of Civil Procedure, ECF Nos. 18, 20 and he has now moved for the entry of default judgment, ECF No. 37. Accordingly, taking the factual allegations of the complaint as true, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977), the Court now considers each of the *Eitel* factors.

As to the first *Eitel* factor, here Plaintiff will suffer prejudice if entry of default judgment is denied because Plaintiff would be without a legal remedy for its cause of action. Thus, the first factor weighs in favor of entering default judgment against Defendant.

The second and third *Eitel* factors are often considered together, and courts analyze these

3

factors by considering whether Plaintiff asserts "claims upon which it may recover." *Richmond Bay v. Marina, LLC v. The Vessel "Relax"*, No. 13-cv-02978 MEJ, 2013 WL 6699976, at *5 (N.D. Cal. Dec. 19, 2013); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). These factors ask whether the "complaint is sufficient, and whether this complaint, along with other judicially noticed facts or documents augmented to the record, show [that the plaintiff] is likely to succeed on the merits." *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 941 (N.D. Cal. 2017).

To prevail on a claim of copyright infringement, a plaintiff must show (1) "ownership of the allegedly infringed material" and (2) that the defendant "violate[d] at least one exclusive right granted to [the copyright holder] under 17 U.S.C. § 106." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Copyright infringement claims must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues and the statute of limitations begins to run "when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019) (quoting *Polar Bear Prods. Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004)).

Geerds alleges ownership of the Wall Street photograph and provides his Copyright Registration Number. Compl. ¶ 9. He further alleges that Defendant published an article that included the Wall Street photograph. *Id.* ¶ 10. Finally, he alleges that he discovered that his photograph had been used by Defendant in June 2018. *Id.* ¶ 12. These allegations, taken as true, establish a prima facie claim for copyright infringement. Factors two and three favor entry of default judgment.

The fourth factor is the sum of money at stake. *Eitel*, 782 F.2d at 1471. "A default judgment is only disfavored when a large amount of money is involved or is unreasonable in light of Defendant's actions." *Brightpoint Distribution, LLC v. AliphCom*, No. 16-cv-03837-EDL, 2017 WL 7310780, at *4 (N.D. Cal. Dec. 4, 2017). Here, Geerds seeks $2,500.00 in statutory damages, in addition to an award of fees and costs. ECF No. 37-1 at 4. Although the sum is not insignificant, because these damages are authorized by statute, 17 U.S.C. § 504(c), the Court finds

that this factor weighs in favor of default judgment.

The fifth and sixth *Eitel* factors also weigh in favor of granting the motion. "There is no possibility of a dispute of any material fact" where a defendant "has not appeared in this action to challenge any allegations" made by the plaintiff and where the defendant "does not appear to have any excusable reason for neglecting to appear." *Jiang v. New Millennium Concepts Inc.*, No. 15-cv-04722-JST, 2016 WL 3682474, at *3 (N.D. Cal. July 11, 2016). Because Geerds has pleaded a plausible copyright infringement claim, and because all his liability-related allegations are deemed true, there is no possible dispute of material facts before the Court. Nor is there any indication that Defendant's default was due to excusable neglect. Rather, Defendant never appeared or defended this action, despite proper service of the complaint and this motion. ECF No. 16; ECF No. 37 at 3.

Finally, the Court considers the general policy favoring the resolution of cases on their merits. *See Eitel*, 782 F.2d at 1472. This factor weighs against entry of default judgment against Defendant, because the merits of Geerds's claims have not been tested. However, because FRCP Rule 55(b)(2) permits entry of default judgment in situations where a defendant refuses to litigate, this policy is outweighed by the other factors present in this case. Accordingly, the Court will grant Geerds's motion for default judgment.

### B. Remedies

Because the Court concludes that default judgment is warranted, it now considers Geerds's request for statutory damages, attorney's fees, and costs.

#### 1. Statutory Damages

Under the Copyright Act, a plaintiff may recover: "(1) actual damages and any additional profits of the infringer, or (2) statutory damages amounting to a sum of not less than $750 and not more than $30,000 per copyright infringement, as the Court considers just." *Broad. Music, Inc. v. Kiflit*, No. 12-cv-00856-LHK, 2012 WL 4717852, at *4 (N.D. Cal. Oct. 2, 2012) (citing 17 U.S.C. §§ 504(a), (c)). "If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

Geerds requests $2,500.00 in statutory damages. ECF No. 37-1 at 4. He bases this request

1    on his attorney's estimate that the photograph could be licensed at $500.00.  *Id.* at 7; ECF No. 37-
2    2 at 2.  "[C]onsistent with the approach taken by many courts," he asks for an award five times the
3    estimated license fee.  ECF No. 37-1 at 7.  The Court concludes that it is acceptable to rely on
4    Plaintiff's representation of the estimated license fee.  *See Broad. Music*, 2012 WL 4717852, at
5    *4.  However, "[c]ourts have consistently held that a statutory damages award three times the
6    amount that the plaintiff would have received in licensing fees is appropriate under § 504(c)."
7    *Broad. Music, Inc. v. Paden*, No. 5:11-02199-EJD, 2011 WL 6217414, at *5 (N.D. Cal. Dec. 14,
8    2011).  By contrast, a multiplier of five times the estimated license fee is generally applied only in
9    cases involving willful infringement.  *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No.
10   19-cv-06399-LHK, 2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020) (collecting cases).  Since
11   Geerds has not pleaded facts – beyond "information and belief" – to indicate that Defendant's
12   infringement was "willful," a multiplier of three is appropriate.  The Court will award statutory
13   damages in the amount of $1,500.00.

### 2.     **Costs and Fees**

15   A court may award "full costs, including reasonable attorneys' fees, to the prevailing party
16   in a claim arising under the Copyright Act."  17 U.S.C. § 505.  Since Geerds is the prevailing
17   party in this action, the Court considers whether the requested $2,160.00 attorney's fees and
18   $440.00 costs are reasonable.

19   For a requested award of attorney's fees, the Court evaluates both the hourly rate charged
20   and the number of hours expended on the litigation.  As Geerds's counsel's declaration presents,
21   his hourly fee of $400.00 per hour is reasonable.  ECF No. 37-2; *see also Automattic Inc. v.*
22   *Steiner*, 82 F. Supp. 3d 1011, 1033 (N.D. Cal. 2015) (approving an attorney's fees rate of $418.50
23   per hour in default judgment case).  The hours expended, however, raise concerns.

24   Geerds's motion and counsel's declaration list three tasks for which fees are sought:
25   drafting of default papers, drafting and filing a motion for default judgment, and miscellaneous
26   tasks including responding to the Court's order to show cause.  ECF No. 37-1 at 8.  There are two
27   problems with this submission.  First, the submission does not make clear that attorney Goonan, as
28   opposed to someone else, expended the 5.4 hours of work sought to be compensated at $400 per

hour. His declaration does not state, under penalty of perjury, that he completed the tasks identified, and he has not submitted billing records that so indicate. ECF No 37-2 at 3 (stating only that "Plaintiff sees [sic] a fee award of $2,160.00 for the following tasks . . ."). The Court notes, for example, that the declaration for an entry of default was made by Richard Liebowitz. *See* ECF No. 18. Second, the attorney's fee request includes 1.1 hours for "miscellaneous tasks" including "response to OSC." *Id.* Not only are requests for unidentified tasks insufficient to show that hours were "reasonably expended," *Hensley*, 461 U.S. at 434, but it is also inappropriate to ask Defendant to pay for hours spent responding to an OSC stemming from issues of the Plaintiff's own making, *see* ECF Nos. 27, 34; *see also Johnson v. Shobeiri*, No. 18-cv-04816-VKD, 2019 WL 5458106, at *7 (N.D. Cal. Oct. 24, 2019) (deducting time that plaintiff's counsel billed responding to an OSC issued because of the plaintiff's failure to adhere to the court's scheduling order). Therefore, the Court finds it necessary to deduct the 0.5 hours spent drafting the request for default and the 1.1 hours spent on miscellaneous tasks including responses to the Court's orders to show cause. The Court will award $1,520.00 in attorney's fees.

The $400.00 filing fee and $40.00 service of process fee are reasonable costs. *See Strike 3 Holdings, LLC v. Doe*, No. 18-cv-01173-TSH, 2019 WL 1277561, at *8 (N.D. Cal. Mar. 20, 2019) (approving costs of $400.00 and $863.66 for filing fee and service of process, respectively).

## CONCLUSION

For the reasons discussed, Plaintiff's motion for default judgment is granted. Plaintiff is awarded statutory damages of $1,500.00, attorney's fees of $1,520.00 and costs of $400.000.

**IT IS SO ORDERED.**

Dated: December 22, 2020

_____
JON S. TIGAR
United States District Judge